[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14882
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-60077-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN PORTNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2010)

Before TJOFLAT, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Steven Portney was convicted on pleas of guilty of transporting child

pornography in interstate and foreign commerce, in violation of 18 U.S.C. §

2252(a)(1), Count 1, and of possession of such child pornography, also in violation

of § 2252(a)(4), Count 2, and was sentenced to concurrent prison sentences: 135

months on Count 1 and 120 months on Count 2. He now appeals his sentences,

arguing that they are procedurally and substantively unreasonable.

We review a sentence for procedural or substantive reasonableness,

employing an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51,

128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). "[W]hen the district court imposes a

sentence within the advisory Guidelines range, we ordinarily will expect that

choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th

Cir. 2005). The reasonableness of a sentence depends on the district court's

application of the factors outlined in 18 U.S.C. § 3553(a).[1] *See id.* at 786.

---

[1] The relevant § 3553(a) factors include:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed . . . treatment;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range . . . ; and
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Procedural errors at sentencing may include the district court's failure to calculate, or improper calculation of, the guideline range, treatment of the guidelines as mandatory, failure to consider the factors in § 3553(a), selection of a sentence based on clearly erroneous facts, or failure to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The district court need not discuss each § 3553(a) factor; an acknowledgment by the district court that it considered the § 3553(a) factors, as well as the defendant's arguments, is sufficient. *See Talley*, 431 F.3d at 786. "The sentencing judge should set forth enough [reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

The review for substantive reasonableness involves examining the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. A sentence may be substantively unreasonable if it does not achieve the purposes of sentencing as defined in § 3553(a). We will vacate a sentence and remand for resentencing, however, only when we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors

18 U.S.C. § 3553(a).

3

by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Pugh*, 515 F.3d at 1191. The weight given to any § 3553(a) factor is within the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). As the U.S. Supreme Court explained, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.

With respect to the procedural reasonableness of his sentences, Portney contends that the Guidelines relating to U.S.S.G. § 2G2.2 should be given little weight because they were developed based on Congressional mandate, not empirical data. We have already rejected a similar argument challenging § 2G2.2. *See Pugh*, 515 F.3d at 1201 n.15. Thus, Portney's argument is foreclosed by our precedent. *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (recognizing that "a prior panel's holding is binding on all subsequent panels").

With respect to the substantive reasonable of Portney's sentences, the district court sentenced Portney to the low-end of the Guidelines sentencing range after considering the seriousness of the crimes, the need for deterrence, the other § 3553(a) factors, the facts and circumstances surrounding the offense, and Portney's

4

arguments in mitigation, including his history, character, and family support network. That the district court chose to give more weight to the seriousness of the crime and the need for deterrence than to Portney's history, character, and family support network was within the sound discretion of the district court which. *See Amedeo*, 487 F.3d at 832.

The sentences in this case are, accordingly,

AFFIRMED.